[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (#101) AND DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#104)
This is an action for declaratory judgment in which the plaintiff seeks to have a prenuptial agreement declared unenforceable. The defendant has filed a cross complaint for declaratory judgment that the prenuptial agreement is valid and enforceable. The parties have both filed motions for summary judgment. For the reasons set forth, the plaintiff's motion for summary judgment will be denied, and the defendant's motion for summary judgment will be granted.
The plaintiff, Judith Linger, M.D., married Joseph Sadowski, M.D., on July 22, 2000. On July 20, 2000, Dr. Linger and Dr. Sadowski had entered into a prenuptial agreement which contains two separate schedules which list the parties' respective incomes, investments, properties and assets on the date of execution. Dr. Sadowski died on June 18, 2001. The defendant, Christine Sadowski, has been appointed the executrix of Dr. Sadowski's estate.
In her action for declaratory judgment the plaintiff alleges that the prenuptial agreement is unenforceable as a matter of law because Dr. Sadowski failed to include on the schedule of his assets a 2.57% interest in a real estate partnership in Florida which was worth $84,460. The plaintiff claims that this failure to disclose proves, as a matter of law, that she was not provided a fair and reasonable disclosure of the amount, character and value of the property. Such a disclosure is required by C.G.S. Section 46b-36g (3), a portion of the Connecticut Premarital Agreement Act.[1]
CT Page 7042
The schedule of Dr. Sadowski's assets shows his net worth to be $4,483,000, $4,000,000 of which is attributable to an Individual Retirement Account. In fact, Dr. Sadowski's IRA was only worth $3,788,215.68 at the time the prenuptial agreement was executed. Therefore, the defendant argues that the plaintiff did receive a fair and reasonable disclosure of the amount, character, and value of Dr. Sadowskis property because (1) the value of the missing asset worth $84,460 is not significant when compared to the total value of the estate, and (2) the schedule actually overstates Dr. Sadowski's net worth by more than $200,000.
The defendant's arguments are persuasive. Section 46b-36g (3) does not require total accuracy in the disclosure of assets. It merely requires "fair and reasonable disclosure." This will vary from case to case depending upon various factors including the size of the total estate in comparison to the extent of the failure to disclose. In this case, the failure to disclose the real estate interest is neither unfair nor is it unreasonable in light of the size and character of the decedent's estate. The total value of the estate is actually greater than the value disclosed by the decedent although the character of the assets is slightly different. This is not unfair to the plaintiff.
The plaintiff's motion for summary judgment is denied. The defendant's motion for summary judgment is granted. The premarital agreement dated July 20, 2000 between Joseph S. Sadowski and Judith Linger is declared to be valid and enforceable.
Pickard, J.